**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jin Shi YAN, Defendant—Appellant.**

**No. 05–10000.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2005.

Decided Oct. 21, 2005.

Karon V. Johnson, Esq., Hagatna, GU, for Plaintiff–Appellee.

Joseph James Camacho, Saipan, MP, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and GEORGE,* District Judge.

MEMORANDUM **

In this appeal from a conviction for conspiracy to collect extensions of credit by extortionate means, in violation of 18 U.S.C. § 894, only one issue is before us. Jin Shi Yan assigns error to the denial of his motion for acquittal. We have reviewed the record and the relevant case law and affirm the judgment.

Three visiting workers from China who were employed under the immigration laws of the Commonwealth of the North-

---

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ern Mariana Islands, became indebted to the appellant and his codefendant, Jin Yong Huang. One witness testified that the two creditors threatened her with violence, and two others testified that the creditors wrongfully took and withheld their passports. Witnesses also testified that Yan and Huang otherwise attempted to coerce payments of debts. In the course of the jury trial, two of the victims of the alleged coercion identified the appellant, but the principal witness was unable to identify Jin Shi Yan when he was asked to stand up in the courtroom. The appellant also was identified in a videotape that was made during a sting operation and in a photograph taken the day after the appellant's arrest. The jury could compare the appellant's appearance in the videotape and photograph with his appearance at the time of the trial, which had been substantially changed by weight gain and barbering.

The jury acquitted the two defendants of the count of the indictment charging physical violence, but convicted Yan of the conspiracy. The sole basis of Yan's motion for acquittal was the failure of one witness, Ms. Fu, to identify Yan. She did identify the co-defendant, and corroborated the FBI agent's identification of Yan, as one of the persons shown in the video tape.

Ms. Fu, despite her inability to point out the appellant in the courtroom, had supplied to the investigating officer the license plate number of the automobile the appellant used to transport her to an isolated place where alleged threats were made. She also proved that she placed the call to the appellant to set up the videotaped sting in which she was pictured handing the appellant $100 in the course of the taped conversation. The jury had all of

this evidence before it, on instructions that have not been challenged on appeal.

A motion for a judgment of acquittal should be granted only if, viewing the evidence in the light most favorable to the government, no rational trier of fact could find beyond a reasonable doubt that the defendant is the person who committed the charged crime. *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir.1995). The government is entitled to all reasonable inferences that can be drawn from the evidence. *Id.* In this case, a rational trier of fact could reasonably infer that it was the appellant, despite his changed appearance, who engaged in conspiracy to collect extensions of credit by extortionate means.

AFFIRMED